IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION, YOUNGSTOWN

| | | |
|---|---|---|
| **ANDREW ERDOS, DAVID ANDERSON, and VALLEY VIEW MHP LLC, individually and on behalf of all others similarly situated,** | : : : | **CASE NO.: 4:23-cv-00268** |
| | : | **Judge Benita Y. Pearson** |
| **Plaintiffs,** | : : | **Magistrate Judge Amanda M. Knapp** |
| v. | : : | |
| **NORFOLK SOUTHERN CORPORATION, NORFOLK SOUTHERN RAILWAY COMPANY, JOHN DOE(S) 1-20, and ABC CORP(S). 1-20.** | : : : : | **PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |
| **Defendants.** | : : | |

In response to Defendants Norfolk Southern Corporation and Norfolk Southern Railway's (collectively "Norfolk Southern") Opposition to Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction ("TRO Motion"), Plaintiffs hereby submit the following Reply in Further Support.

To reiterate, the TRO Motion is premised on the foundational principle that Norfolk Southern cannot be allowed to destroy relevant evidence on a schedule it set unilaterally. Yet, Norfolk Southern's opposition does not even discuss its stated intention to purposefully destroy evidence, much less explain why the need to remediate the site of the Derailment prevents it from continuing to forensically preserve that evidence elsewhere until all necessary testing and analyses have been completed.[1]

---

[1] It should be noted that the letter from Norfolk Southern's Counsel regarding their intention to remove or otherwise destroy evidence was sent on February 23, 2023, a day before the February

1

Although suspiciously absent from its opposition, Norfolk Southern clearly understands that the thrust of Plaintiffs' TRO Motion is the long-term preservation of relevant evidence, so that all parties will have a meaningful opportunity to inspect and analyze the same. For this reason, it was Norfolk Southern that asked Plaintiffs whether the parties could reach a compromise in lieu of a formal order if, rather than "otherwise destroy[ing]" the railcars and other equipment involved in the Derailment after March 1, 2023, it agreed to preserve the evidence once removed from the site. (*See* February 24-25, 2023 E-mail Exchanges, attached as **Exhibit A**.) Based on Norfolk Southern's new-found willingness to avoid spoliation, Plaintiffs agreed and proposed that Norfolk Southern place this agreement on the record before the Court. *See id*. However, despite multiple written representations that it would respond to Plaintiffs' proposal by February 27, 2023, Norfolk Southern failed to do so, apparently favoring once again the intentional destruction of evidence over good faith negotiations regarding its duty to preserve. (*See* February 26, 2023 E-mail Regarding Opposition to TRO Motion, attached as **Exhibit B**) (confirming that Norfolk Southern did not speak with Plaintiffs' counsel regarding their proposal despite representations that it would).

For the reasons set forth in their TRO Motion, Plaintiffs again respectfully submit that this Court cannot countenance the knowing and intentional destruction of critical evidence, especially when the Plaintiffs' have had inadequate time to fully inspect and test the same. Accordingly, the Court should at a minimum impose adequate safeguards on the preservation of evidence by issuing a temporary restraining order and preliminary injunction preventing Norfolk Southern from

---

24, 2023 EPA letter. Moreover, there is no reason Norfolk Southern cannot both preserve evidence and comply with the EPA directives.

destroying any physical evidence of the Derailment on or after March 1, 2023, regardless of whether such evidence may otherwise be removed from the Derailment site.

Respectfully submitted,

s/ Melanie S. Bailey
Melanie. S. Bailey (OH 0075821)
David C. Harman (OH 0087882)
**BURG SIMPSON ELDREDGE HERSH & JARDINE, P.C.**
201 East Fifth Street, Suite 1340
Cincinnati, OH 45202
513-852-5600
513-852-5611 (fax)
mbailey@burgsimpson.com
dharman@burgsimpson.com

Seth A. Katz (pro hac vice)
**BURG SIIMPSON ELDREDGE HERSH & JARDINE, P.C.**
40 Inverness Drive East
Englewood, CO 80112
303-792-5595
303-708-0527 (fax)
skatz@burgsimpson.com

M. Elizabeth Graham, Esq.*
Adam J. Gomez, Esq.*
Tudor I. Farcas, Esq.*
Adam l. Stoltz, Esq.*
Caley DeGroote, Esq*.
**GRANT & EISENHOFER, P.A.**
123 S. Justison Street, 6th Floor
Wilmington, DE 19801
302-622-7000
302-622-7100 (fax)
egraham@gelaw.com
agomez@gelaw.com
tfarcas@gelaw.com
astoltz@gelaw.com
gdegroote@gelaw.com

        Douglas J. Olcott, Esq. (OH 0098596)
        **EDGAR SNYDER**
        **& ASSOCIATES, LLC**
        600 Grant Street, 10th Floor
        Pittsburgh, PA 15219
        412-394-4420
        412-391-2386 (fax)
        dolcott@edgarsynder.com

        *Attorneys for the Plaintiffs and*
        *the Putative Class*

*\*pro hac vice forthcoming*

## Certificate of Service

I hereby certify that on February 27, 2023 a copy of foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

        / s/ Melanie S. Bailey_____
        Melanie S. Bailey